UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: WILLIAM L. LITTLETON  CASE NO. 08-12395

OPINION

On consideration before the court is the objection of the Chapter 7 Trustee to the homestead exception claim asserted by the debtor, William L. Littleton; a response to said objection having been filed by the debtor; and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on June 22, 2008. At the time he filed his petition, the debtor owned no real property and listed 10 CR 233, Corinth, Alcorn County, MS, 38834, as his place of residence. In his Statement of Financial Affairs, the debtor disclosed that he had transferred a parcel of real property to Edith M. Bass on April 16, 2008, which consisted of 6.64 acres of land located in McNairy County, Tennessee. (hereinafter the "Tennessee property")

The Trustee filed a Complaint to Set Aside Conveyance, for Accounting, and for Other Relief against the debtor and Bass. As a result of this complaint, the above described transfer to

Bass was set aside as a fraudulent conveyance, and the Tennessee property was recovered as an asset of the debtor's bankruptcy estate.

The debtor originally purchased the Tennessee property on August 24, 1992. He established his residence and lived there until January, 2008. At that time, he moved to Bass' residence at 10 CR 233, Corinth, MS. Shortly thereafter, he conveyed the Tennessee property to Bass for the sole consideration of her agreement to provide care for him. After the conveyance to Bass was set aside, the debtor filed Amended Schedules A and C claiming the Tennessee property as exempt pursuant to Tenn. Code Ann. §26-2-301, the Tennessee homestead exemption statute.

III.

The court is of the opinion that the debtor may not claim the Tennessee property as exempt homestead for the following reasons:

1) The debtor did not own the Tennessee property as of the date of the filing of his bankruptcy petition.

2) After the trustee recovered the Tennessee property as a fraudulent conveyance, the debtor did not meet the requirements of 11 U.S.C. §522(g)(1) in order to claim this property as exempt.

3) The debtor does not meet the requirements of Tenn. Code Ann. §26-2-301 because he is not using the Tennessee property as his homestead.

The decision in *Matter of Sandoval*, 103 F.3d 20, 23 (5th Cir. 1997), held that the right to exemptions is determined by the facts as they exist on the date of the bankruptcy petition. A debtor cannot claim property as exempt that he does not own. *In re Sloma*, 43 F.3d 637, 640 (11th Cir. 1995).

2

Likewise, the debtor may not claim the Tennessee property as exempt after his conveyance to Bass was set aside and the property was recovered as an asset of his bankruptcy estate. The operative section that addresses the possibility of a debtor claiming an exemption in property that is brought into a bankruptcy estate by the trustee's avoiding powers is §522(g)(1) of the Bankruptcy Code, which provides as follows:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property;

In order for §522(g)(1) to be applicable, the transfer must have been involuntary. Since the debtor's conveyance to Bass was obviously voluntary, the debtor is unable to utilize §522(g)(1) to claim an exemption in the property recovered by the trustee. *See, In re Curtis*, 44 B.R. 416, 418 (Bankr. N.D. Miss. 1984).

Tenn. Code Ann. §26-2-301 requires the homestead property to be used as the debtor's principal place of residence. The debtor in this case is not using the property as his principal place of residence since he is residing with Bass in Alcorn County, Mississippi.

For the above stated reasons, the court is of the opinion that the Trustee's objection to the debtor's exemption claim is well taken. The debtor's claim to the 6.64 acres of real property located in McNairy County, Tennessee, as exempt homestead will be disallowed by a separate order to be entered contemporaneously herewith.

This the 2nd day of July, 2009.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE